FILED

2014 Oct-10  PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MECA JACKSON,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:14-CV-1240-RDP** |
| | } | |
| **HSBC MORTGAGE SERVICES, INC., et al.,** | } | |
| | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This matter is before the court on the Motions to Dismiss filed by Defendant HSBC Mortgage Services Inc. (Doc. # 15) and by Defendant PHH Mortgage Corporation (Doc. # 16). The Motions have been fully briefed. (Docs. # 22-24).

## I.      BACKGROUND AND RELEVANT FACTS

Plaintiff's Amended Complaint contains the following allegations: In August of 2013, Defendant HSBC Mortgage Services Inc., by and through its mortgage processing and servicing agent, PHH Mortgage Corporation, began falsely claiming that Plaintiff's May 29, 2013 mortgage payment had been "reversed" by her bank and was unpaid.  Over the next eight months, Defendants harassed Plaintiff through, among other things, repeated automatically dialed telephone calls to Plaintiff's cell phone, letters, and false credit reporting to various credit reporting agencies.  Defendants sometimes called Plaintiff's home and cellular telephones multiple times in one day in their effort to collect the deficiency they falsely claimed she owed. When Plaintiff told Defendants to stop calling her, a representative of Defendants told Plaintiff that an auto dialer device was used to place these calls.

Defendants refused to correct their error despite conversations with her credit union and receipt of banking records which disproved Defendants' claim that the mortgage payment had been reversed.  Defendant HSBC even wrote to the Alabama Attorney General's office repeating its false assertion that Plaintiff's August 2013 payment had been "reversed" by her bank and that she was late on her May 2013 payment.

On or about April 18, 2014, Defendant HSBC sent a letter to Plaintiff's attorney acknowledging that its own records were incorrect, and that Plaintiff's May 29, 2013 mortgage payment had not been reversed as it had inaccurately claimed for the preceding nine (9) months. (Doc. # 3).

Plaintiff alleges she suffered the following damages:

> invasion and interference with Jackson's right to privacy and solitude, impairment of Jackson's credit rating, mental anguish, lost work time, and various costs and expenses incurred as a result of or in response to Defendants' wrongful acts, including the cost of hiring an attorney to respond to HSBC after they continued to ignore the information provided by Jackson and numerous administrative expenses incurred in responding to HSBC.

(Doc. # 3 at ¶ 54).

Plaintiff's Amended Complaint asserts claims for violation of the Real Estate Settlement Procedures Act, the Telephone Consumer Protection Act, the Truth-in-Lending Act, breach of contract, invasion of privacy, and defamation.  Defendants moved to dismiss all claims.

## II.      STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not

meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

Under *Twombly*, a plaintiff's complaint must present plausible theories of liability and allege specific facts establishing each claim.  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has identified "two working principles" for a district court to use in applying the facial plausibility standard.  First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S. Ct. at 1950.  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.  Application of the facial plausibility standard involves two steps.  Under one prong, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under the other prong, the court must proceed to

determine the claim's plausibility given the well-pleaded facts.  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct."  *Id.*

## III.   DISCUSSION

### A.   Plaintiff's Claims Against PHH Are Plausible

Defendant PHH's Motion argues that Plaintiff's Amended Complaint fails to plausibly allege any action by PHH. (Doc. # 16).

Plaintiff's Amended Complaint alleges, on information and belief, that "HSBC Mortgage retained PHH to act as its manager, agent, and subservicer with respect to [Plaintiff's] mortgage." (Doc. # 3 at ¶¶ 11-12). Plaintiff further alleges, on information and belief that "at all times subsequent, PHH was acting as agent for HSBC Mortgage with respect to the conduct alleged herein." (Doc. # 3 at ¶ 13).  Plaintiff bases her allegation of PHH's involvement with her loan on HSBC USA, Inc.'s April 2014 10-K Report submitted to the SEC.  (Doc. # 3 at ¶ 12). The following portion of that document can be read as plausible support for the factual proposition that that Defendant HSBC Mortgage Services, Inc. is a subsidiary of HSBC USA, Inc. and that HSBC's mortgage servicing was handled by PHH:

> During the second quarter of 2013, we completed the conversion of our mortgage processing and servicing operations to PHH under our previously announced strategic relationship agreement with PHH Mortgage to manage our mortgage processing and servicing operations. Under the terms of the agreement, PHH Mortgage provides us with mortgage origination processing as well as sub-servicing our portfolio of owned and serviced mortgages totaling $44.0 billion as of December 31, 2013.

(Doc. # 16-1 at p. 167).  This is clearly a sufficient basis on which to allege that Defendant PHH was an agent of Defendant HSBC Mortgage related to the servicing of its mortgages.  It may well be the case that PHH can point to documents outside of the pleadings to show that it did not

4

have any involvement with Plaintiff's loan.  However, the current allegations are sufficient to survive a motion to dismiss.[1]

      **B.**     **Plaintiff has Pled Damages Recoverable under RESPA**

To establish a claim for a violation of § 2605(e), Plaintiff must present evidence that (1) the defendant was a loan servicer; (2)  the defendant was sent a valid QWR; (3) the defendant failed to adequately respond within sixty days; and (4) actual damages or an entitlement to statutory damages. 12 U.S.C. § 2605(e)(1)(A) & (2); *Frazile v. EMC Mortg. Corp.*, 382 Fed.Appx. 833, 836 (11th Cir. 2010).

"The Eleventh Circuit has held that to state a claim under RESPA, a plaintiff must allege facts showing he suffered actual damages or is entitled to statutory damages." *Tallent v. BAC Home Loans*, 2013 WL 2249107 at *5 (N.D. Ala. 2013) (citing *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010).  Defendants[2] argue Plaintiff has not sufficiently alleged a pecuniary loss and, therefore, has failed to state a RESPA claim.  First, Defendants are wrong that Plaintiff has not alleged any pecuniary loss.  Although Plaintiff has not quantified her loss, this argument ignores the specific allegation in the Amended Complaint that she alleged she incurred "various costs and expenses" as a result of Defendants' conduct, including the cost of hiring an attorney and administrative expenses in responding to Defendants' requests for information.  (Doc. # 3 at ¶ 54).

Second, the Eleventh Circuit has indicated that emotional distress damages may be available under RESPA:

---

1 If Defendant PHH is correct, this claim can easily be resolved on an early Rule 56 motion.

2 Having disposed of Defendant PHH's Motion, the court assumes that Defendant PHH would also adopt relevant arguments made by Defendant HSBC in its Motion.  Therefore, the court will refer to "defendants" collectively for ease of reference.

Construing the term "actual damages" broadly, and based on the interpretations of "actual damages" in other consumer-protection statutes that are remedial in nature, *plaintiffs arguably may recover for non-pecuniary damages, such as emotional distress and pain and suffering, under RESPA. See, e.g., Banai v. Sec'y U.S. Dep't of Hous. & Urban Dev. ex rel. Times*, 102 F.3d 1203, 1207 (11th Cir. 1997) (the Fair Housing Act allowance for "actual damages" includes anger, embarrassment, and emotional distress). Nevertheless, the McLeans must present specific evidence to establish a causal link between the financing institution's violation and their injuries. *See Turner v. Beneficial Corp.*, 242 F.3d 1023, 1027-28 (11th Cir. 2001) (*en banc*) (requiring a causal link for TILA claims). *In some circumstances, we have held that a plaintiff's testimony alone could support an award of compensatory damages for emotional distress. Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1345 (11th Cir. 2005) (concerning constitutional violations). However, "the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a ... violation occurred supports an award for compensatory damages." *Id.* (quotation omitted).

*McLean v. GMAC Mortg. Corp.,* 398 Fed.Appx. 467, 471 (11th Cir. 2010) (emphasis added). Under this standard, Plaintiff properly alleged that she suffered recoverable damages under RESPA.

### C.      Failure to Specify the Telephone Number is Not Fatal to the TCPA Claim

Defendants cite one district court case from Michigan for the proposition that a failure to specify in a complaint the telephone number called under the TCPA claim is grounds for dismissal of this claim.   Defendants do not acknowledge, however, that the district court opinions from our own circuit hold to the contrary.  *See Buslepp v. Improv Miami, Inc.,* 2012 WL 1560408 * 1 (S.D. Fla. 2012) ("The fact that Plaintiff does not identify the specific telephone number called [] is not fatal under *Twombly* and *Iqbal*."); *Manfred v. Bennett Law, PLLC,* 2012 WL 6102071 *2 (S.D. Fla. 2012)  ("Contrary to [Defendant's] contention, Plaintiff need not allege his specific cellular telephone number.").   Moreover, this argument places form over substance.  Even if a plaintiff were required to plead the phone number, this could be easily

resolved through repleading and does not require dismissal. Likewise, if there is a question about the phone number at issue, it can be addressed through discovery.

**D.    Plaintiff Has Adequately Pled a TILA Claim**

TILA is a remedial consumer protection statute designed to promote the flow of credit-related information to the consumer. *See Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1065 (11th Cir. 2004) (quoting 15 U.S.C. § 1601(a)). Like other remedial statutes, "TILA must be construed liberally in favor of the consumer." *Id.* TILA requires lenders to provide an array of "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998); *see also* 15 U.S.C. § 1638.

Defendants argue that they cannot be held liable under TILA because they are not creditors. However, "in certain instances an assignee may be liable under TILA." *Rice v. JPMorgan Chase Bank NA,* 2014 WL 3889472 *4 (N.D. Ala. 2014). Therefore, at least at the pleading stage, this argument is without merit.

Defendants further argue that they can only be held liable where the violation is apparent on the face of the disclosure statement at issue and, they assert, the violation was not so apparent based upon the disclosure statements in this case. Because the mortgage statements at issue are not in the record, the court cannot at this point say, as a matter of law, that the errors were not apparent on the face of the documents. Therefore, Defendants' motion to dismiss Plaintiff's TILA claim is due to be denied on this record.

**E.    Plaintiff Has Pled Damages Arising from the Alleged Breach of Contract**

Similar to an earlier argument already addressed, Defendants argue that Plaintiff has not properly pled damages in connection with her contract claim. As discussed above, Plaintiff

alleged that she incurred "various costs and expenses" as a result of Defendants' conduct, including the cost of hiring an attorney and administrative expenses in responding to Defendants' requests for information. (Doc. # 3 at ¶ 54). Defendants' argument that this does not meet applicable pleading standards is without merit.

### F.     Plaintiff Has Plausibly Pled An Invasion of Privacy Claim

Defendants argue (1) that Plaintiff has not pled the requisite publicity to establish a false light invasion of privacy claim and (2) she has not alleged conduct sufficient to rise to the level of a wrongful intrusion invasion of privacy claim. Plaintiff does not argue that she has pled the requisite publicity, but she does assert that she has alleged a sufficient wrongful intrusion. The court agrees. In this case, Plaintiff has adequately alleged that Defendants' collection activities went beyond the bounds of reasonableness, especially when considered in light of the fact that the collection activities were admittedly unfounded. *See Moore v. Dynamic Recovery Services, Inc.,* 2014 WL 507384 *4 (N.D. Ala. 2014); *Jacksonville State Bank v. Barnwell*, 481 So.2d 863, 865–66 (Ala. 1985) ("Twenty-eight to thirty-five phone calls to one's home and place of employment fall within the realm of a 'systematic campaign of harassment,' a tactic admonished by this court in *Norris*.").

### G.     Plaintiff's Defamation Claim is Not Preempted

Defendants also argue that Plaintiff's defamation claim and her invasion of privacy claim based on Defendants' communications to credit agencies are preempted by the Fair Credit Reporting Act. Plaintiff's defamation claim can be read to be based, in part, on allegations that Defendants reported information to credit agencies that they either knew or should have known was false. The FCRA explicitly prohibits a furnisher of information from reporting information to a consumer reporting agency that it "knows or has reasonable cause to believe ... is

inaccurate." 15 U.S.C. § 1681s–2(a)(1)(A). Section 1681t(b)(1)(F) preempts any state laws that regulate the subject matter of any part of § 1681s–2, and that would include portions of § 1681s–2(a).  *See Rice v. JPMorgan Chase Bank NA,* 2014 WL 3889472 *4 (N.D. Ala. 2014).

However, under Section 1681h(e) of the FCRA, a furnisher of information is not protected by the FCRA's preemption provisions if "the information it provided was both false and also given with the malicious or willful intent to damage the consumer." *Lofton–Taylor v. Verizon Wireless*, 262 Fed.App'x 999, 1002 (11th Cir. 2008) (per curiam); *see also Comer v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 4210426 *3 (M.D. Ga. 2012).  Plaintiff's Amended Complaint alleges that Defendants actions were done "maliciously, with knowledge of their falsity, and/or with wanton and reckless disregard for the truth or falsity of their statements." (Doc. # 3 at ¶ 86).  The court concludes that the allegations of Plaintiff's Amended Complaint are sufficient to withstand the FCRA's preemption.[3]

## IV.    CONCLUSION

For the reasons discussed above, the Motions to Dismiss filed by Defendant HSBC Mortgage Services Inc. (Doc. # 15) and by Defendant PHH Mortgage Corporation (Doc. # 16) are due to be denied.  However, the court's own review of Plaintiff's Amended Complaint reveals that it contains "shotgun" style pleading which is highly disfavored by the Eleventh Circuit.  "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).  "When confronted with a shotgun pleading, the court is supposed to order repleading for a more definite statement of the claim."  *Hickman v. Hickman,* 563 Fed.Appx. 742, 744 (11th Cir. 2014) (citing  *Wagner v. First Horizon Pharm.*

___

3 Moreover, Plaintiff's defamation claim can also be read to be based on Defendants' communication with the Alabama Attorney General.  The communication to the Attorney General was not related to the furnishing of information to credit reporting agency and would not be subject to the FCRA's preemption provisions.

*Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006)).    Therefore, the court will require Plaintiff to replead her claims in order to eliminate the shotgun pleadings contained in the Amended Complaint.  Such an amended pleading shall be filed and served on or before November 3, 2014.

A separate order will be entered.

**DONE** and **ORDERED** this October 10, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE